UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,          <u>MEMORANDUM & ORDER</u>
                                            11-CV-3922(JS)(ARL)
           -against-

LOUIS VOLPE a/k/a LOUIS ISIDORE VOPLE,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:          Michael T. Sucher, Esq.
                        26 Court Street, Suite 2412
                        Brooklyn, NY 11242

For Defendant:          No appearances.

SEYBERT, District Judge:

        Presently pending before the Court is the United

States of America's ("Government" or "Plaintiff") motion for a

default judgment against Louis Volpe a/k/a Louis Isidore Volpe[1]

("Defendant").  For the reasons that follow, Plaintiff's motion

is GRANTED IN PART and DENIED IN PART.

<u>BACKGROUND</u>

        On or about June 9, 1989, Defendant executed a

promissory note to secure a loan from First Federal Savings and

Loan Association of Rochester, Albany, NY ("First Federal").

The loan was disbursed for $2,625.00 on November 16, 1989 at

eight percent interest per annum.  The loan obligation was

--------------------------------------------------

[1] The Court notes that Defendant's alias was misspelled in the
caption of the Complaint as "Vople".

guaranteed by New York State Higher Learning Services Corporation ("NYSHLSC") and was reinsured by the Government under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, 29 U.S.C. §§ 1071 et seq. Thereafter, First Federal demanded payment in accordance with the terms of the note, and on January 1, 1994 Defendant defaulted. NYSHLSC, as guarantor, paid a claim in the amount of $1,936.71 to First Federal, and then, pursuant to 34 C.F.R. § 682.410(b)(4), demanded payment from Defendant. NYSHLSC was unable to collect the full amount due from Defendant. The Government ultimately reimbursed NYSHLSC for its payment to First Federal pursuant to the terms of their reinsurance agreement, and on August 25, 1995, NYSHLSC assigned its right and title to the loan to the Government.

On August 15, 2011, Plaintiff commenced this action against Defendant to collect the unpaid principal and interest on the loan. Plaintiff attached to its Complaint a Certificate of Indebtedness stating that as of June 29, 2011, Defendant owed $2,042.83 in principal and $1,354.29 in unpaid interest,[2] with interest continuing to accrue at a rate of $0.45 per day.

Defendant never responded to the Complaint, nor did he seek additional time to do so. Plaintiff moved for an entry of

---

[2] A total of $1,201.83 was credited from the total amount due to account for all payments received from any source.

default on November 18, 2011, which was entered by the Clerk of the Court on November 21, 2011. On December 23, 2011, Plaintiff moved for default judgment against Defendant.

DISCUSSION

I.  Liability

A defendant's default constitutes an admission of liability, so all of the well-pleaded allegations in the Complaint that pertain to liability are deemed true. See Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). Thus, in defaulting, Defendant has admitted that he failed to make payments in accordance with the terms of the note and, therefore, defaulted on his student loan. This is sufficient to establish Defendant's liability. See Garden City Boxing Club, Inc. v. Morales, No. 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995)).

However, whether to grant a default judgment is left to the sound discretion of the district court. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). In making this determination, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for

default are clearly established or in doubt.'" O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-171 (2d Cir. 2001); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). These factors are "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); see also Basile v. Wiggs, No. 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect" (second alteration in original) (quoting Feely v. Whitman Corp., 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999))).

As to the first factor, the failure of Defendant to respond to the Complaint sufficiently demonstrates willfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiff has submitted an affidavit of service demonstrating that Defendant was properly served on September 1, 2011 with a Summons and a copy of the Complaint. As noted above, Defendant never answered or responded in any way to the Complaint; nor did he request an extension of time to do so. The docket therefore removes any doubt and clearly establishes that Defendant has willfully failed to respond to the Complaint.

Next, the Court must consider whether Defendant has a meritorious defense. The Court is unable to make a determination whether Defendant has a meritorious defense to Plaintiff's allegations because he has presented no such defense to the Court. Where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)). The Complaint, the allegations of which are deemed admitted by Defendant in light of his default, describes

Defendant's failure to make payments in accordance with the terms of the note.

The final factor the Court must consider is whether the non-defaulting party would be prejudiced if the motion for default was denied. Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, L.L.C., No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). As all three factors have been met, a default judgment is warranted.

II. Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc., 973 F.2d at 158; Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true.") Rather, Plaintiff must prove damages. See, e.g., Joe Hand Promotions, 2007 WL 2891016, at *2.

Here, Plaintiff seeks $2,042.83 in principal on the loan and $1,354.29 in accrued interest, plus additional interest in the amount of $0.45 for each day following June 29, 2011

6

through the date of judgment.  In support of these figures, Plaintiff provides the Certificate of Indebtedness issued by the Department of Education.  Courts in this district have previously awarded plaintiffs damages relying solely on Certificates of Indebtedness.  <u>See</u>, <u>e.g.</u>, <u>United States v. Benain</u>, No. 11-CV-2307, 2011 WL 5838488, at *1 (E.D.N.Y. Nov. 18, 2011); <u>United States v. Gellerstein</u>, No. 08-CV-2702, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011); <u>United States v. Tobee</u>, No. 10-CV-0731, 2010 WL 1853767, at *1 (E.D.N.Y. May 4, 2010). Accordingly, Plaintiff is entitled to the amount stated therein, plus post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

In addition to damages, Plaintiff seeks an award of costs.  The Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . .  reasonable collection costs."  20 U.S.C. §1091a(b)(1).  Specifically, Plaintiff seeks to recover (1) the Court's $350.00 filing fee and (2) $35.00 in out-of-pocket expenses for service of the Summons and Complaint. Although pursuant to 28 U.S.C. § 2412, an amount equal to the filing fee may be awarded in a civil action brought by the United States, the United States is not required to pay a filing fee when initiating an action in federal court.  <u>See</u> <u>United States v. Hinds</u>, No. 11-CV-0169, 2011 WL 3555837, at *4

7

(E.D.N.Y. June 27, 2011) (collecting cases), adopted by 2011 WL 3555762 (E.D.N.Y. Aug. 11, 2011). As no payment of a filing fee is reflected on the Court's docket, and Plaintiff has not provided any receipt or other documentation for such a fee, the Court DENIES Plaintiff's request for $350.00 for filing fees that it did not pay. See United States v. Freeman, No. 09-CV-4036, 2010 WL 3522812, at *2 n.2 (E.D.N.Y. July 26, 2010); Benain, 2011 WL 5838488, at *1 (same); United States v. Garcia, 10-CV-5658, 2011 WL 2194023, at *2 (E.D.N.Y. May 11, 2011), adopted by 2011 WL 2194016 (E.D.N.Y. June 3, 2011) (same). Plaintiff has, however, provided documentation in support of the requested $35.00 in out-of-pocket expenses for service of the Summons and Complaint; accordingly, Plaintiff is entitled to $35.00 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment is GRANTED IN PART and DENIED IN PART. Accordingly, the Clerk of the Court is directed to enter a judgment in Plaintiff's favor in the amount of $2,042.83 in unpaid principal, $1,354.29 in accrued interest, an additional $0.45 in interest for each day after June 29, 2011 until judgment is entered, $35.00 in costs, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961. The Clerk of the Court is also directed to mark this matter closed.

SO ORDERED.


/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:     July __12__, 2012
           Central Islip, NY